EFFRON, Chief Judge
(dissenting):
In the present appeal, the majority opinion would affirm the decision of the court below. United States v. Durbin, 68 M.J. at 276 (C.A.A.F.2010). For the reasons set forth below, I respectfully dissent. The military judge erred in permitting testimony by Appellant’s wife that impermissibly revealed Appellant’s confidential communications, and the military judge’s further error in permitting her to testify about his communicative act constituted prejudicial error.
At trial, the prosecution introduced testimony by Appellant’s wife that she confronted Appellant with the accusation that she had found images of child pornography on his computer. Appellant’s wife testified that she specifically asked Appellant: “Could you explain this to me, please?” She further testified as to portions of the ensuing two-way dialogue between husband and wife, including Appellant’s communicative acts and her comments to him.
Appellant’s wife testified pursuant to a ruling by the military judge that the testimony at issue was not precluded by the privilege for spousal communications under Military Rule of Evidence (M.R.E.) 504(b). On review of Appellant’s conviction, the Court of Criminal Appeals ruled that the military judge did not err in permitting Appellant’s wife to testify as to the statements she made during their interaction, but that the military judge erred in permitting her to testify as to Appellant’s nonverbal acts. United States v. Durbin, No. ACM 36969, 2008 CCA LEXIS 486, at *6-*9, 2008 WL 5192441, at *2-*3 (A.F.Ct.Crim.App. Dec. 10, 2008). The lower court further held that the error was not prejudicial. Id. at *9, 2008 WL 5192441, at *3.
I. SPOUSAL PRIVILEGE UNDER THE MILITARY RULES OF EVIDENCE
Military Rule of Evidence (M.R.E.) 504(b)(1) grants one spouse the privilege “to prevent another from disclosing, any confidential communication made to the spouse ... while they were husband and wife_” One spouse may not waive another spouse’s privilege without the privilege-claiming spouse’s consent. United States v. McCol-lum, 58 M.J. 323, 339 (C.A.A.F.2003).
Under M.R.E. 510(a), waiver occurs when a privilege-holder discloses “any significant part of the matter or communication” claimed as privileged. Waiver of the spousal privilege takes place when the “ ‘overall substance of the conversation’ [between spouses is] conveyed” to a third party. United States v. Custis, 65 M.J, 366, 371 (C.A.A.F.2007) (quoting United States v. McElhaney, 54 M.J. 120,132 (C.A.A.F.2000)).
As noted in the majority opinion, testimony by a spouse that describes a marital communication made by the testifying spouse that repeats or reveals a marital communication made by the non-testifying spouse may waive the privilege. Durbin, 68 M.J. at 274-75. This would apply, for example, to the following dialogue between two spouses: the first spouse (the privilege-claimant) initiates a conversation by saying, “I can’t keep a *277 secret any longer — I did X, Y, and Z, and I’m guilty,”; and the second spouse (the testifying spouse) responds by saying, ‘Tour willingness to acknowledge that you did X, Y, and Z, and that you’re guilty is the first step to recovery.” Consistent with the purpose of the privilege, the testifying spouse could not testify at trial as to his or her own marital communication because that would repeat the other spouse’s confidential communication.
The privilege applies with equal force to testimony that reveals the “overall substance” of confidential communications even if not amounting to a literal word for word repetition of the privilege-claimant’s remarks. For example, in the hypothetical described in the preceding paragraph, the overall substance of the confidential statement would be revealed if the testifying spouse were to testify as follows: “I asked him to explain his criminal conduct. We spoke about it. Then I asked him to stop committing these crimes.” In the context of a criminal trial, a factfinder could reasonably infer from such testimony that the privilege-claimant had been confronted with an accusation of criminal conduct and had admitted guilt.
II. THE SIGNIFICANCE OF THE TESTIMONY FROM APPELLANT’S SPOUSE
The testimony from Appellant’s spouse revealed the “overall substance” of Appellant’s confidential communications. The members were well aware that the communication involved a dialogue about the charged misconduct. Appellant’s spouse testified that she began the dialogue by confronting him with an accusatory question (“Could you explain this to me, please?”). She further testified about his reactions “[a]fter we spoke.” In the course of testifying about a dialogue in which she asked Appellant to “explain” the presence of child pornography on his computer, Appellant’s wife testified that he took and used the laptop; that he showed her that the images were gone; and that she commanded Appellant to seek counseling and leave the house. Although as a general matter there may be any number of reasons why a wife might ask a husband to seek counseling and leave the marital home, the discussion here took place in the immediate context of her discovery and Appellant’s conduct. In that setting, it is quite likely that members of the panel inferred that, during this conversation, Appellant admitted possessing the images of child pornography and accepted responsibility for them.
Although the panel members might not have deciphered Appellant’s exact words from the testimony by Appellant’s spouse, a panel member could reasonably have inferred that Appellant made an admission of guilt to his wife — an admission protected by a privilege. In this case, the testimony by Appellant’s wife waived his privilege without his consent. The military judge erred by permitting her to testify in a manner that revealed his admission of guilt.
III. PREJUDICE OF ADMITTING THE COMMUNICATIVE ACT
The lower court held that other testimony by Appellant’s wife — that Appellant manipulated the laptop and showed her its blank screen — was a communicative act protected by spousal privilege, but that the military judge’s erroneous admission of this testimony did not prejudice Appellant. The majority opinion would affirm. I respectfully disagree.
To determine “prejudice resulting from the erroneous admission of evidence, we weigh ‘(1) the strength of the Government’s ease, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question.’ ” McCollum, 58 M.J. at 342-43 (quoting United States v. Kerr, 51 M.J. 401, 405 (C.A.A.F. 1999)).
The Government had a strong, but not solid, case. At trial, the prosecution acknowledged that the Government’s case was based on “circumstantial evidence.” As such, the members had to infer that Appellant, and not another laptop user, downloaded and viewed the images of child pornography. The only direct evidence that Appellant used the laptop while it displayed images of child pornography is the evidence at issue here— the testimony of Appellant’s wife regarding *278 Appellant’s communicative act. The prosecution exploited that testimony, arguing to the members that “you can infer from that that he deleted [the images].”
The testimony of Appellant’s wife concerning his communicative act constituted highly material evidence. While questioning Appellant’s wife, trial counsel emphasized Appellant’s actions, focusing on how “the accused physically responded] when [Appellant’s wife] asked him to explain” the images. In rebuttal, trial counsel argued that Appellant’s communicative act was “[the] last piece of evidence combined with the circumstantial evidence in this case that shows the accused wrongfully and knowingly possessed images of child pornography.” The prosecution apparently believed that the testimony from Appellant’s wife about Appellant’s communicative act was so essential to proving guilt that trial counsel characterized it as the “nail in the reasonable doubt coffin.” Once that “nail” is removed, we cannot have confidence that the evidence did not have a “substantial effect” on the findings. Custis, 65 M.J. at 371. Under these circumstances, we should set aside the findings and authorize a rehearing.